# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number 1:21-cv-01968-CMA-STV

Taylor Swenson, et al,
      Plaintiffs,

v.

Alliance Moving and Storage LLC, et al,
      Defendants.

## SCHEDULING ORDER

## 1.      DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling/planning conference was held on October 19, 2021, at 09:00 a.m.

Matthew R. Osborne, 11178 Huron St, Ste 7, Northglenn, CO 80234, (303) 759-7018, appeared on behalf of Plaintiffs.

David W. Smith, 1333 S. University Drive, Plantation, FL 33324, (561) 484-7172, appeared on behalf of Defendant Alliance Moving and Storage, LLC ("Alliance").

Jon M. Topolewski, 1975 Research Pkwy, Suite 100, Colorado Springs, CO 80920, (303) 688-0644, appeared on behalf of Defendant B.I.D. Company LLC d/b/a Real Movers ("Real Movers")

## 2.      STATEMENT OF JURISDICTION

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claim set forth herein arises under federal statute 49 U.S.C. § 14706 (the "Carmack Amendment"), and the Class Action Fairness Act.

### 3.     STATEMENT OF CLAIMS AND DEFENSES

*Plaintiffs:* Plaintiffs allege that for years Defendant Alliance engaged in false advertising, held themselves out as a moving company, with their own trucks when asked, to induce consumers to enter into moving contracts with them that the Defendants would not honor. Plaintiffs were quoted a price by Defendant Alliance to move, and then the price increased significantly on the date of move or soon before that.  Plaintiffs believed they hired Defendant Alliance as a moving company, only later to have Defendant Alliance outsource the moves to other companies, which was not disclosed.  Plaintiffs belongings took an incredibly long time to be delivered, and items were missing and/or damaged.

Plaintiffs bring claims against Defendants for violating the Carmack Amendment, disgorged profits, breach of contract, violating the Colorado Consumer Protection Act, and seek a permanent injunction against the Defendants.


*Defendant Alliance*:  Defendant Alliance is a Florida limited liability company, with license and authority from the Federal Motor Carrier Safety Administration (FMCSA), who arranges for household goods moving and storage services on behalf of shipper customers.  Alliance does not own or operate vehicles.  Alliance does not come into contact with cargo.  Alliance, like all other brokers operates merely by contracting specifically with each customer to provide only brokerage services.  Much of the odd and erroneous pleading of Plaintiff appears to arise from some confusion on Plaintiff's part between a Denver based instrastate household goods motor carrier for hire by the name of Korenic Enterprises, Inc. d/b/a A Alliance Moving & Storage.  Specifically, Plaintiff's allegations quote from that companies website, alleging such content to appear on the entirely unrelated website of Alliance Moving and Storage, LLC.

Moving beyond Plaintiffs misidentification of entities, as a freight broker the Carmack Amendment is not applicable freight broker such as Alliance.   However, the Federal Aviation Administration Authorization Act of 1994 (FAAAA) does expressly apply to brokers and entirely preempts states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."   Each of Plaintiff's causes of action relate to price and service and is plainly preempted.

Beyond the pleading and preemption issues outlined in Alliance's Motion to Dismiss Plaintiff's Amended Complaint, and the general lack of a viable cause of action plead against Alliance in the Amended Complaint, many of the allegations apparently made upon "belief" and little more are patently false.   Simply stated, once Alliance arranges the transportation at issue and provides the estimate for service, it merely locates a household goods motor carrier with authority and insurance as evidenced by the FMCSA, and offers the job to them.   Once the motor carrier arrives at the shippers residence, Alliance's duty and role are completed.   Alliance's revenue is generated entirely and solely by the estimate that it provides customer, thereby disproving Plaintiff's entire theory of the case – which is a grand conspiracy whereby the broker underbids on the estimate in hopes of some future profit generated via kickbacks, one must assume. However, Plaintiff has no information or belief to support such patently false allegations.

Alliance's website provides notice that it operates solely as a freight broker, and even provides the identification number from the FMCSA and DOT demonstrating the limited brokerage authority of Alliance.   In addition, Alliance provides on its website the following statement:   "US DOT: 3241129, MC: 1018040 Please note that a properly licensed interstate

broker, such as Alliance Moving and Storage, is not a motor carrier and will not transport an individual shipper's household goods, but will coordinate and arrange for the transportation of household goods by an FMCSA authorized motor carrier, whose charges will be determined by its published tariff."  Clearly notice is provided.  In addition, each of the Plaintiffs and every single customer of Alliance has executed a contract which specifically states similarly that Alliance is merely a broker is not a motor carrier.

Every allegation of every event happening from the point of loading, including any revised estimates, damages, loss of goods, delay, hostage loads, etc., have no connection to Alliance whatsoever, and are plainly arising from the interstate household goods bill of lading issued by the motor carrier providing such interstate moving services.

For the forgoing reasons, Plaintiff's Amended Complaint fails to state a cause of action, and cannot be remedied in order to state one.  Therefore, Plaintiff's Amended Complaint as to Alliance must be dismissed with prejudice as futile.

*Defendant Real Movers:*   Defendant B.I.D. Company LLC is a Colorado Limited Liability Company based in Greenwood Village, Colorado.  BID operates a moving company providing intrastate and interstate moving services for individuals and businesses.

On May 11, 2021, BID received a moving job referral from Alliance Moving and Storage. The job referral from Alliance detailed a move for Taylor Swenson from Kiowa, Colorado to Little River, South Carolina.  The job referral detailed the total estimated move volume as "443 cf. (3101 lbs)".

BID was also sent a copy of the moving estimate sent to Swenson.  The moving estimate sent to Swenson confirmed the move details including the "443 cf. (3101 lbs)" volume estimate

Page 4

and the total move price of $3,782.28.  In addition, the move estimate provided a link to Swenson advising of Swenson's "Rights and Responsibilities When You Move" and a disclaimer on the price which stated: "Your price may change based on the agreed-upon rate per pound and or cubic feet if you add any additional items and or should you require any additional services."  Both the Estimate and the brochure required that the customer comply with a notice of claim procedure prior to initiating an action.

On May 19, 2021, BID arrived at Swenson's property.  Upon arriving, BID discovered that Swenson had an additional 1,778 cubic feet of property to move on top of the quoted 443 cubic feet.  Based upon the exponentially greater size of the move, BID advised Swenson that they would not be able to move everything at the cost estimate Alliance provided.  BID offered to provide a revised Bill of Lading itemizing the cost of the cross country move with the added property. Swenson agreed to the new price and signed the Bill of Lading. The Bill of Lading offered replacement value protection which Swenson waived.  The liquidated damages provision capped Swenson's claim at $.60/pound.  Swenson also signed that he received the "Your Rights and Responsibilities When You Move brochure, the "Ready to Move" booklet, "Claim Filing Information" and the "Moving Authority Arbitration Program" Brochure.

On July 17, 2021, BID was able to complete the delivery to Swenson.  Swenson signed the Bill of Lading acknowledging receipt of the delivery.  Although Swenson apparently believes that items were either missing or damaged, Swenson did not comply with the Notice of Claim procedures detailed in the Rights and Responsibilities brochure Swenson received from Alliance and from BID.

BID filed a Rule 12 Motion to Dismiss Swenson's claims.  Swenson's claims of disgorged profits, breach of contract, violating the Colorado Consumer Protection Act, and request for a

Page 5

permanent injunction are preempted by the Carmack Amendment.   Swenson's Carmack Amendment claim should be dismissed both because Swenson failed to comply with the Notice of Claim procedure and Swenson's pleadings fail to state a claim that Swenson delivered a specified number of goods to BID, that BID has damaged or lost those goods and a value for the goods allegedly lost or damaged.   Accordingly, Swenson's claims against BID should be dismissed.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant B.I.D. Company LLC is a limited liability company organized and existing by virtue of the laws of Colorado, with a purported office for the transaction of business at 7350 E Progress Place, Suite 100, Greenwood Village, CO 80111. B.I.D. Company LLC does business as Real Movers.

2. Defendant Alliance Moving and Storage, LLC is a Florida limited liability company with a principal place of business in Deerfield Beach, Florida, and no other offices.

3. Defendant Alliance Moving and Storage, LLC is a licensed freight broker pursuant to MC# 1018040 and DOT 3241129.

4. Alliance Moving and Storage, LLC is not "A Alliance Moving & Storage", a Colorado corporation.

## 5. COMPUTATION OF DAMAGES

*Plaintiffs*:  Restitution or other equitable relief as the Court deems proper, including consequential damages. Pre-judgment and post-judgment interest, and treble damages. Reasonable attorneys' fees and costs of suit. Any such other and further relief as the Court may deem proper and fair.

Page 6

*Defendant Alliance:*  Defendant Alliance is seeking fees and costs.

*Defendant Real Movers:*  Defendant Real Movers will be seeking reimbursement for their attorney

fees and costs.

### 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.    **Date of the Rule 26(f) meeting.**

September 28, 2021.

b.    **Names of each participant and party he/she represented.**

Christopher German represented Plaintiffs at the Rule 26(f) meeting. David W.

Smith represented Defendant Alliance. Jon M. Topolewski represented Defendant

Real Movers.

c.    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties will make their 26(a)(1) disclosures on or before October 18, 2021.

d.    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

e.    **Statement concerning any agreements to conduct informal discovery.**

There are no agreements regarding informal discovery.

f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The parties have agreed to use a unified exhibit numbering system for deposition

exhibits.

(2) The parties agree to accept service of all papers and documents in this lawsuit,

including written discovery, if not served electronically through court's Case

Page 7

Management/Electronic Case Filing System (CM/ECF), as attachments to electronic mail or, if too voluminous for transmission by electronic mail, via FTP or other reasonable electronic means.

g.   **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have agreed to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional format, pursuant to Fed.R.Civ.P. 34.

h.   **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

At this point it appears that settlement is unlikely pending resolution of the motions to dismiss.

## 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8.   DISCOVERY LIMITATIONS

a.   **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules.**

25 depositions per side.

25 interrogatories per party.

b.   **Limitations which any party proposes on the length of depositions.** The parties agree that depositions should be limited to seven hours each, excluding breaks, without prior agreement or absent leave of the court. Maximum 7 depositions per party.

Page 8

c.     **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

25 Requests for Production per party, 25 Requests for Admission per party.

d.     **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery shall be served no later than 45 days before discovery cutoff.

e.     **Other Planning or Discovery Orders.**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Varholak regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court."

The parties consent to service of Rule 26(a) disclosures and discovery documents via email.

## 9. CASE PLAN AND SCHEDULE

a.     **Deadline for Joinder of Parties and Amendment of Pleadings:**

January 7, 2022

b.     **Discovery Cut-off:**

June 2, 2022

c.     **Dispositive Motion Deadline:**

July 3, 2022

Page 9

    d.     **Expert Witness Disclosure**

    1.     The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiffs*:  At this point, Plaintiffs do not anticipate calling any experts, but would like to reserve the right to do so.

*Defendant Alliance*: Alliance does not anticipate the calling of any experts at this time, but reserves the right to disclose an expert prior to the deadline.

*Defendant Real Movers:*  At this point, Defendant BID Company d/b/a Real Movers does not anticipate calling any experts, but reserves the right to do so.

    2.     Limitations which the parties propose on the use or number of expert witnesses.

Each party may designate no more than two expert witnesses, excluding rebuttal expert witnesses.

    3.     The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 15, 2022.**

    4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 15, 2022.**  This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

    e.     **Identification of Persons to Be Deposed:**

*Plaintiffs:* Unknown Defendant representatives pursuant to F.R.C.P. 30(b)(6) and 30(b)(1).

*Defendant Alliance*:  All individuals with knowledge of the facts alleged in the Complaint, specifically including each shipper and the corporate representative of each Carrier.

*Defendant Real Movers:*  Plaintiff Taylor Swenson and representatives of Co-Defendant Alliance Moving and Storage involved with Alliance job number AL5522534.

## 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____

b.    A final pretrial conference will be held in the case on September 13, 2022, at 9:15 a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

c.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

d.    Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a 8-day jury trial in Denver, CO.

e.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-

2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13 AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this __19th__ day of __October__ , 2021.

BY THE COURT:

_____
The Honorable Scott T. Varholak
United States District Court Magistrate Judge

APPROVED:

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

Page 12

*Attorney for Plaintiffs*


s/ David W. Smith
David W. Smith
SMITH EILERS, PLLC
1333 S. University Drive
Plantation, Florida 33324
Phone: (561) 484-7172
Email: David@smitheilers.com
*Attorney for Defendant Alliance*

s/Jon M. Topolewski
Jon M. Topolewski, #52318
Robinson & Henry, P.C.
1975 Research Pkwy, Suite 100
Colorado Springs, CO 80920
Phone: 303.688.0644
Fax: 719.960.2108
Email: jon@robinsonandhenry.com
*Attorney for Defendant Real Movers*