IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01968-CNS-STV

TAYLOR SWENSON on behalf of herself and all others similarly situated,
KYLE BUNTING,
JAMIE BUNTING,
THOMAS PEVEAR CHURCHILL,
JORDAN CHURCHILL,
MILLARD MCQUAID,
CAITLAND MCQUAID,
BEN WARREN, and
MEGHAN WARREN,

    Plaintiffs,

v.

ALLIANCE MOVING AND STORAGE LLC,
BID COMPANY LLC,
POLARIS MOVING SYSTEMS INC., d/b/a Roadrunner Moving,
UNLIMITED MOVING AND STORAGE LLC, and
ALL TIME MOVING INC. d/b/a Rapid Van Lines,

    Defendants.

**ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (the "Motion") (ECF No. 61). For the following reasons, the Court GRANTS Plaintiffs' Motion.

## I. BACKGROUND[1]

A brief summary of the relevant allegations and procedural background suffices. Plaintiffs reside throughout the country (ECF No. 15 at 3). Defendants are moving companies organized under the laws of various states (*id.*). Plaintiffs contacted Defendant Alliance Moving and Storage LLC ("Alliance") for various moving services (*see, e.g., id.* at 6). In coordinating their moves with Defendants, Plaintiffs were bamboozled and given the runaround, ultimately incurring costs totaling thousands of dollars and resulting in lost, damaged, or undelivered items (*see, e.g., id.* at 7, 10, 14). Fundamentally, Plaintiffs entered into moving contracts with Defendants that Defendants did not honor, resulting in Plaintiffs' damages (*id.* at 15).

Plaintiffs filed this lawsuit in July 2021 (ECF No. 1). Defendants Alliance and B.I.D. Company LLC ("B.I.D") later appeared and filed dismissal motions (ECF Nos. 6, 10, 18–19). The Clerk of Court entered default against Defendants All Time Moving Inc., Unlimited Moving and Storage LLC, and Polaris Moving Systems Inc., on October 1, 2021 (ECF Nos. 29–31). In ruling on Alliance's and B.I.D.'s dismissal motions, the United States Magistrate Judge in this case recommended dismissal of certain claims, and the Court affirmed and adopted that recommendation (ECF Nos. 45–46). The Clerk of Court ultimately entered default against Alliance and B.I.D. on October 17, 2022 (ECF No. 63). The Court held a hearing on Plaintiffs' Motion on June 7, 2023 (ECF No. 68). Plaintiffs filed supplemental material regarding their Motion on June 27 and 28, 2023 (ECF Nos. 69–73).[2]

---

[1] The background facts in this Order are drawn from Plaintiffs' Amended Complaint (ECF No. 15). Due to the Clerk of Court's entries of default against Defendants, the Amended Complaint's allegations are deemed admitted (ECF Nos. 29–31, 63). *See also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

[2] Defendants were served with Plaintiffs' default judgment motion, supplemental briefs, and amended affidavits (ECF Nos. 71 and 73).

## II. LEGAL STANDARD

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citations omitted). "Strong policies favor resolution of disputes on their merits" and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations omitted).

When facing a motion for default judgment, a court must first evaluate and establish its jurisdiction. *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (2010). To enter default judgment, a court must have both personal jurisdiction over each defaulting defendant and subject matter jurisdiction over the action. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The second step of a court's default judgment inquiry is to evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotations omitted). In ruling on a motion for default judgment, courts accept all well-pleaded factual allegations in the complaint as true. *Olcott*, 372 F.3d at 1125. Undisputed facts alleged in the affidavits or exhibits are also deemed true. *Id.* at 1124.

Allegations regarding the amount of damages are deemed true only to the extent they are "capable of mathematical calculation." *Marcus Food Co. v. Dipanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). Where

the amount claimed is not "a liquidated sum or one capable of mathematical calculation," a court is required to hold an evidentiary hearing to determine the damages amount. *Venable v. Haislip*, 621 F.2d 297, 300 (10th Cir. 1983); *see Marcus Food*, 671 F3d at 1171–72 (determining that the damages asserted in the complaint were sufficiently calculable to not require an evidentiary hearing).

### III. ANALYSIS

Having considered Plaintiff's Motion, the case file, and relevant legal authority, the Court grants Plaintiffs' Motion.

**A. Jurisdiction**

Before reaching the merits of Plaintiffs' claim, the Court must determine whether it has subject matter jurisdiction to decide Plaintiffs' claim and personal jurisdiction over Defendants. *Williams*, 802 F.2d at 1203.[3]

*1. Subject Matter Jurisdiction*

Plaintiffs contend that the Court has subject matter jurisdiction over this action because their Carmack Amendment claim arises under federal law (ECF No. 61 at 5). The Court agrees that Plaintiffs' Carmack Amendment claim arises under federal law and that for this reason the Court has subject matter jurisdiction over this action. *See, e.g.,* 28 U.S.C. § 1331; 49 U.S.C. § 14706; *A.T. Clayton & Co. v. Missouri-Kansas-Texas R. Co.*, 901 F.2d 833, 834 (10th Cir. 1990).

---

[3] At the June 7, 2023, damages hearing, Plaintiffs represented that they are only seeking default judgment on their Carmack Amendment claim (*see also* ECF No. 61 at 9–10).

### 2. Personal Jurisdiction

Plaintiffs contend that the Court has personal jurisdiction over Defendants in this action (ECF No. 61 at 4–5; *see also generally* ECF No. 69). The Court agrees. Plaintiffs bear the burden of establishing personal jurisdiction over Defendants. *See, e.g., Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). In the default judgment context, a plaintiff "need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997). Plaintiffs have met this burden. Accepting the Amended Complaint's allegations as true, as the Court must, it has specific personal jurisdiction over Defendants (ECF No. 69 at 2). *See also Olcott*, 372 F.3d at 1125.

Defendants engaged in specific acts in Colorado related to the moving services giving rise to Plaintiffs' claim—for instance, by entering into moving contracts with Plaintiffs—that were directed at Colorado (*see, e.g,* ECF Nos. 69-1, 69-2, 69-3). At bottom, Plaintiffs have met their burden of showing that Defendants purposefully availed themselves of the privileges of doing business in Colorado, and Plaintiffs' claim arises from Defendants' contacts with Colorado (*see* ECF No. 69 at 2–4). *See, e.g., Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985). Thus, the Court's has personal jurisdiction over Defendants, and the Court's exercise of personal jurisdiction over Defendants comports with due process, given that Defendants have the requisite minimum contacts with Colorado and the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Eighth Dist. Elec. Pension Fund v. Teter Indus., Inc.*, No. 1:22-cv-02521-CNS, 2023 WL 3819339, at *4 (D. Colo. June 5, 2023) (setting forth factors for courts

5

to consider in analyzing fair play and substantial justice and concluding factors favored exercise of jurisdiction in default judgment context).[4]

### B. Default Judgment

Having established subject matter jurisdiction over this matter and Defendants, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted). If judgment by default enters, the Court must also ascertain the amount of damages to which Plaintiffs are entitled. *See Eighth District Electrical Pension Fund*, 2023 WL 3819339, at *5.

   1. *Carmack Amendment Claim & Liability*

Plaintiffs contend that they have established that Defendants are liable for their losses under the Carmack Amendment (ECF No. 61 at 9). The Court agrees.

To set forth a claim under the Carmack Amendment, a plaintiff must show: (1) delivery to the carrier in good condition; (2) arrival in damaged condition; and (3) the amount of damages caused by the loss. *Camar Corp. v. Preston Trucking Co.*, 221 F.3d 271, 274 (1st Cir. 2000) (citing *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137–38 (1964)).[5]

Plaintiffs have satisfied these elements for establishing Defendants' liability under the Carmack Amendment. First, accepting the Amended Complaint's direct and inferential allegations

---

[4] In determining whether it has personal jurisdiction over an action, a court must also address the adequacy of service. *See, e.g., id.* at *3; *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Defendants are corporate entities and they have been adequately served in this action (*see* ECF Nos. 6, 10, 20–22). *See also* Fed. R. Civ. P. 4(h)(1)(B); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 176 (10th Cir. 1992). Therefore, the service requirement in the Court's jurisdictional analysis is satisfied.

[5] As explained by the Magistrate Judge, Plaintiffs' allegations are sufficient to demonstrate that Alliance held itself out as a carrier for purposes of the Carmack Amendment. *Swenson v. All. Moving & Storage LLC*, No. 21-cv-01968-CMA-STV, 2022 WL 1508506, at *6 (D. Colo. Apr. 26, 2022), *report and recommendation adopted*, No. 21-cv-01968-CMA-STV, 2022 WL 1500778 (D. Colo. May 12, 2022). So too with the remaining Defendants. *See Olcott*, 372 F.3d at 1125.

as true, Plaintiffs' goods were delivered to Defendants in good condition (*see, e.g.,* ECF No. 15 at 6). *See also Bryson*, 534 F.3d at 1286. Second, Plaintiffs' goods arrived in damaged condition, and many items that Defendants were hired to move went missing (*see, e.g.,* ECF No. 15 at 7, 14, 18; ECF No. 70 at 3–4; ECF No. 70-1 at 4; ECF No. 70-2 at 3; ECF No. 70-3 at 3; ECF No. 70-5 at 3; ECF No. 70-6 at 3). *See also Camar*, 221 F.3d at 275. Third, Plaintiffs' damages were caused by Defendants' loss and treatment of their property (*see, e.g.,* ECF No. 15 at 7, 14, 18; ECF No. 70 at 3; ECF No. 70-1 at 4; ECF No. 70-2 at 3; ECF No. 70-3 at 3; ECF No. 70-5 at 3; ECF No. 70-6 at 3). Accordingly, Plaintiffs have established Defendants' liability under the Carmack Amendment, and entry of default judgment against Defendants on Plaintiffs' claim is proper. *See Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1242 (D. Colo. 2015).

   *2. Damages*

On the issues of damages and the relief that Plaintiffs seek, the Court has reviewed the Amended Complaint's allegations, Plaintiffs' supplemental briefs, and amended affidavits submitted following the Court's June 7, 2023, damages hearing. Considering these unopposed submissions, Plaintiffs have submitted sufficient evidence regarding their damages. *See Marcus Food*, 671 F.3d at 1172; *Venable*, 621 F.2d at 330; *Olcott*, 372 F.3d at 1124. Accordingly, Plaintiffs are entitled to the following damages awards, as set forth in their amended affidavits submitted following the June 7, 2023, damages hearing:

- Plaintiff Taylor Swenson: $11,103.56 (ECF No. 72);

- Plaintiffs Jamie Bunting and Kyle Bunting: $37,601.28 (ECF Nos. 70 and 70-1);

- Plaintiffs Jordan Churchill and Thomas Peaver: $7,473.00 (ECF Nos. 70-2 and 70-5);

7

- Plaintiffs Caitland McQuaid and Millard McQuiad: $16,077.94 (ECF Nos. 70-3 and 70-4);

- Plaintiff Meghan Warren and Ben Warren: $33,039.48 (ECF Nos. 70-6 and 72-1);

*See also Eighth District Electric Pension Fund*, 2023 WL 3819339, at *6 (awarding damages where plaintiffs provided "undisputed proof" and "sufficient evidence"); *Camar*, 221 F.3d at 279 ("Although mathematical precision is not required . . . a damages award must have a 'rational basis in the evidence.'" (citation omitted)).

## IV. CONCLUSION

Consistent with the above analysis, Plaintiffs' Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (ECF No. 61) is GRANTED. The Court ORDERS that: (1) JUDGMENT is hereby entered in favor of Plaintiffs against Defendants, consisting of Plaintiffs' damages in the following amounts:

- Plaintiff Taylor Swenson: $11,103.56;

- Plaintiffs Jamie Bunting and Kyle Bunting: $37,601.28;

- Plaintiffs Jordan Churchill and Thomas Peaver: $7,473.00;

- Plaintiffs Caitland McQuaid and Millard McQuiad: $16,077.94;

- Plaintiff Meghan Warren and Ben Warren: $33,039.48; and

(2) the Clerk is directed to enter FINAL JUDGMENT against Defendants.

9

DATED this 11th day of July 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge